# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-2269EA

_____

| | | |
|---|---|---|
| Willie Taylor; | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| Derrick Marshall; Latesa Calloway; | * | |
| Mary Darlen Holmes; LaSaundra | * | |
| Johnson; Loretta Page; Alice Calloway; | * | |
| Stanley Calloway; Bernice Bates; | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| Nikita Calloway; Rudy Coburn; | * | |
| | * | |
| Plaintiffs-Appellants, | * | |
| | * | On Appeal from the United |
| Arnissa Edwards; | * | States District Court for |
| | * | the Eastern District of |
| Plaintiff, | * | Arkansas. |
| | * | |
| William Gollin; | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| Grace Page; | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Kimberly Nathan Warren; Sharon | * | |
| White; | * | |
| | * | |
| Plaintiffs-Appellants, | * | |

|                                                                 | * |
| v.                                                              | * |
|                                                                 | * |
|                                                                 | * |
| William Howe; Mary Freeman;                                     | * |
| Individually and in Their Official                              | * |
| Capacities as Poll Workers;                                     | * |
|                                                                 | * |
| Defendants-Appellees,                                           | * |
|                                                                 | * |
| Dixie Carlson, Individually and in Her                          | * |
| Official Capacity as Poll Worker;                               | * |
| Johnny Rogers, in His Individual                                | * |
| Capacity; Nolan Dawson; Thomas                                  | * |
| Graham; Lindsey Fairley, Individually                           | * |
| and in Their Official Capacities as the                         | * |
| Members of the Crittenden County                                | * |
| Board of Election Commissioners;                                | * |
| Ruth Trent, in Her Official Capacity                            | * |
| as County Clerk of Crittenden County,                           | * |
|                                                                 | * |
| Defendants.                                                     | * |

_____

Submitted: January 16, 2002

Filed:  February 21, 2002
_____

Before LOKEN, HEANEY, and RICHARD S. ARNOLD, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.

This case is before us for the second time.  In Taylor v. Howe, 225 F.3d 993 (8th Cir. 2000), we held that seven of the sixteen plaintiffs had established that one or both of two defendants, William Howe and Mary Freeman, had discriminated

against them racially with respect to their exercise of the right to vote in the general election of 1996 in the Town of Crawfordsville, Arkansas. We remanded the case for a determination of damages. In discussing what was to occur on remand, we said:

> It will be for the District Court, in the first instance, to fix the appropriate amount of damages. At least nominal damages must be awarded. In addition, persons whose right to vote was denied altogether should be entitled to more than nominal damages. Moreover, humiliation, embarrassment, and mental anguish are compensable. See Carey v. Piphus, 435 U.S. 247, 264-65 n.22 . . . (1978); Wayne v. Venable, 260 F. 64 (8th Cir. 1919). See also Ashby v. White, 1 Bro. P.C. 62, 1 Eng. Rep. 417 (H.L. 1703), cited by the Supreme Court in Carey, apparently with approval. Punitive damages may also be considered. The violations of law were intentional. Qualified immunity will not be a defense. The right to be free from racial discrimination in matters of voting has long been clearly established.

225 F.3d at 1012.

On remand, neither side offered additional evidence. The District Court then made its findings, awarding between $500 and $2,000 to each of seven plaintiffs. These awards were all for compensatory damages. No punitive damages were awarded. Six of the seven prevailing plaintiffs now appeal (all but LaSaundra Johnson). They contend that the awards of compensatory damages were grossly inadequate. In addition, the plaintiff Nikita Calloway claims that it was error to deny him an award of punitive damages.

The question is whether the value placed by the District Court on the injuries sustained by the six appellants was so low as to be clearly erroneous. To use the customary formulation, do we have a definite and firm conviction that the District

Court's findings were wrong? There is no doubt that the right to vote is of substantial value, conceptually and monetarily. This is why we directed that those whose right to vote was denied altogether should receive more than nominal damages. The District Court followed this direction. Indeed, it awarded all prevailing plaintiffs more than nominal damages, including those who ultimately got to vote. Exactly what value should be placed on such rights, however, is very much a matter of judgment to be made in the context of each particular case. "What amount of damages the plaintiff shall recover in such an action is peculiarly appropriate for the determination of a jury . . .." Wiley v. Sinkler, 179 U.S. 58, 65 (1900). So here, in a case tried to the Court without the intervention of a jury, the amount to be recovered is "peculiarly appropriate for the determination of [the Court]."

We do not know what amount we would have awarded if we had been the triers of fact. We are clear, however, that we cannot say that the District Court clearly erred, if it erred at all. We do not view the amounts awarded as trivial or as treating the right to vote with disrespect. The rights of these plaintiffs have been vindicated, and each of them has received more than nominal damages. Plaintiffs stress, and in our prior opinion we cited with approval, our case of Wayne v. Venable, 260 Fed. 64 (8th Cir. 1919), in which a jury award of $2,000 for the denial of the right to vote was upheld. We do not view the case as establishing the sum awarded there as a floor below which courts might not thereafter go, with or without taking inflation into effect. The amount of the award was not an issue before us on appeal. Perhaps awards larger than those made here would have been justifiable. That is not the question before us. What we must decide is whether the figures found by the District Court are so low as to be clearly erroneous. We think that they are not.

Mr. Calloway contends that it was error not to award punitive damages to him. The question is whether the defendant Freeman, against whom this award is requested, was "motivated by evil motive," Smith v. Wade, 461 U.S. 30, 56 (1983), or "ill will." Coleman v. Rahija, 114 F.3d 778, 788 (8th Cir. 1997). There is a sense,

of course, in which racial discrimination is always "evil motive" or "ill will," but, in the present context, something more than liability on the merits must be shown to require, or justify, an award of punitive damages. Again, we do not believe the District Court's action was clearly erroneous or an abuse of discretion. The District Court was called upon to make "a discretionary moral judgment," see Smith v. Wade, supra, 461 U.S. at 52, see also Coleman v. Rahija, supra, 114 F.3d at 787. We do not find the Court's action so far out of bounds as to justify appellate intervention.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.